AF Approval *TLK for SCN*                                          Chief Approval

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:21-cr-81-CEH-JSS

RUGH JAMES CLINE

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B.

Handberg, United States Attorney for the Middle District of Florida, and the

defendant, Rugh James Cline, and the attorneys for the defendant, Andrew Searle,

Esq. and Fritz Scheller, Esq., mutually agree as follows:

### A.   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Count One of the Superseding

Indictment.  Count One charges the defendant with engaging in illicit sexual conduct

in a foreign place, in violation of 18 U.S.C. § 2423(c).

2.   Maximum Penalties

Count One carries a maximum sentence of 30 years imprisonment, a

maximum fine amount of $250,000, a term of supervised release of 5 years to life,

and a special assessment of $100 per felony count for individuals. With respect to

certain offenses, the Court shall order the defendant to make restitution to any victim

of the offenses, and with respect to other offenses, the Court may order the defendant

RC

to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.     Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:     The defendant is a United States citizen

Second:     The defendant traveled or resided in foreign commerce; and

Third:     while the defendant was in the foreign place, the defendant engaged in illicit sexual conduct, that is, a commercial sex act with a person under the age of 18.

4.     Counts Dismissed

At the time of sentencing, the remaining counts of the Superseding Indictment, Counts Two through Nine, and the Indictment (Doc. 1), will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

2



## 5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

## 6. Rights and Restitution to All Victims

Pursuant to 18 U.S.C. § 2259, defendant agrees to make full restitution to all victims in the indictment, including victims in dismissed Counts Two through Nine of the Superseding Indictment, for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the defendant agrees that restitution for the victims in Count Nine shall be no less than $3,000 per any victim who makes a restitution claim.

The defendant specifically agrees to pay restitution in an amount of $3,000 per victim to P.V., Pi.R., N.T. and Ph.R. within 90 days of sentencing.

The defendant further agrees that all victims, including the victim identified in the count of conviction and the victims of the dismissed counts, are entitled to all rights as described in 18 U.S.C. § 3771.

RC

7.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in

4

RC

Paragraph B.5., the United States agrees to file a motion pursuant to USSG §

3E1.1(b) for a downward adjustment of one additional level. The defendant

understands that the determination as to whether the defendant has qualified for a

downward adjustment of a third level for acceptance of responsibility rests solely

with the United States Attorney for the Middle District of Florida, and the defendant

agrees that the defendant cannot and will not challenge that determination, whether

by appeal, collateral attack, or otherwise.

    9.    Sentencing Guidelines Agreements

In accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the

United States and the defendant agree to stipulate and recommend to the Court that

the following provisions of the Sentencing Guidelines apply:

| Guideline(s) | Description | Offense Level |
|---|---|---|
| 2G1.3(a)(4) | Base offense level | 24 |
| 2G1.3(b)(4)(A) | The offense involved sexual contact and a commercial sex act | +2 |
| 4B1.5(b) | The defendant's instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct | +5 |

The defendant understands that the United States intends to also argue that

the enhancements for unduly influencing a minor to engage in prohibited sexual

conduct (§ 2G1.3(b)(2)(B) and the offense involving a minor under 12 years of age

(§ 2G1.3(b)(5) both apply. The defendant further understands that the United States

will submit the victims' certified Cambodian birth certificates in support of this

5

RC

argument. The defendant further acknowledges that the sentencing guidelines' rebuttable presumption of undue influence pursuant to § 2G1.3(b)(2)(B) applies to this case. At the same time, the government understands that the defendant will be submitting an objection to these two specific enhancements at the time of sentencing.

Pursuant to USSG §5K2.23, at the time of sentencing, the United States will not oppose the defendant's request to the Court for a downward departure due to time spent in custody in Cambodia related to his conviction in Siem Reap Provincial Court on October 8, 2019 for violations under the Cambodian Law of Human Trafficking and Sexual Exploitation.

The defendant understands that such agreements are not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Any stipulation on a Guidelines provision does not limit the parties' arguments as to any other Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing.

10.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

6                          RC

pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: Samsung Galaxy S9 mobile phone (IMEI 352411090921308), a Toshiba hard drive associated with an HP laptop bearing serial number Y7QEWVRCT19FHDKEB98H8A01, and a USB flash drive, which were used in the commission of the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

7

RC

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

8

RC

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any

9

RC

underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

### 11. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the

10

RC

destruction of: Samsung Galaxy S9 mobile phone (IMEI 352411090921308), a Toshiba hard drive associated with a laptop bearing serial number Y7QEWVRCT19FHDKEB98H8A01, a USB flash drive, and the internal storage medium of a Ricoh digital camera.

12. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## B. Standard Terms and Conditions

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of

11



the offenses, pursuant to 18 U.S.C. §§ 2429, 2259, 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013 and, if the Defendant is determined to be non-indigent, pursuant to 18 U.S.C. § 3014.

The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

12



### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.

13

RC

The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and

14

RC

the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).



8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be

16



tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

     11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

Rugh James Cline (Cline) is a citizen of the United States, who was residing and working in Tampa, within the Middle District of Florida, prior to December 25, 2018. On that date, Cline traveled from Tampa International Airport to Los Cabos,

17

RC

Mexico, using his United States issued passport. On February 6, 2019, Cline flew

from Los Cabos, Mexico, to Guangzhou, China (connecting in Los Angeles), again

utilizing his United States passport. He entered the United States through customs

before his connecting flight to China. Cline arrived in China on February 8, 2019.

Three hours later, Cline flew directly to Siem Reap, Cambodia, on China Southern

Airways. He arrived in Siem Reap, Cambodia on February 8, 2019, and stayed there

for several weeks. He then traveled to other areas of Cambodia and Vietnam, and

returned to Siem Reap in May 2019, as confirmed by flight and travel records.

While Cline was in Siem Reap, Cambodia, he met the minor victims while

they begged for money on Pub Street, a popular entertainment district in Cambodia.

During his time in Siem Reap, Cambodia, Cline paid minors he met on Pub Street to

engage in sex acts.

In November 2020, the minor Cambodian victims, P.V., Pi.R., N.T. and

Ph.R. were forensically interviewed by an FBI forensic examiner. The following is a

brief summary of their disclosures of sexual abuse by Cline:

N.T. reported that around February 2019, an individual later identified as

Cline, followed her down Pub Street, Siem Reap. Based on the date of birth on

N.T.'s Cambodian birth certificate, N.T. was 14 years old at this time. Through the

aid of a translation application on his cellular phone, Cline asked her to go to his

residence. N.T., along with her friends P.V., and Ph.R., went to Cline's residence.

Once there, N.T. and P.V. removed their shirts at Cline's request. Cline then hugged

both of them. Cline then removed his shirt, pulled his pants to his knees, and asked

18

RC

N.T. and P.V. to masturbate his penis. Both N.T. and P.V. used their hands to rub Cline's penis until he ejaculated. Ph.R. remained outside the room during this time. Cline then paid N.T. and P.V. a total of approximately $100. N.T. recalled that Cline left Siem Reap for a period of time and then returned. Cline rented another house near Pub Street and reengaged N.T. and her friends. N.T. recalled the last time she saw Cline was at a "wooden house" he rented. On or about May 17, 2019, N.T. and her friend, Pi.R., went to this location with Cline. Once there, they took their shirts off at his request, but N.T. covered herself with a scarf. N.T. and Pi.R. then masturbated Cline's genitals in exchange for money.

Ph.R. also reported that in February 2019, she went to Cline's home in Siem Reap, along with N.T. and P.V., but waited outside while N.T. and P.V. went inside Cline's room. Based on the date of birth on Ph.R.'s Cambodian birth certificate, Ph.R. was 14 years old at this time.

P.V. recalled two occasions where she went to Cline's residence in Cambodia and was paid money in exchange for touching Cline's penis. She also recalled Cline touching her and N.T.'s breasts. Based on the date of birth on P.V.'s Cambodian birth certificate, P.V. was 11 years old when she touched Cline's penis.

Pi.R. recalled meeting Cline in winter 2019. The last time she saw Cline was in May 2019, when she and N.T. went to Cline's "wooden home" and touched his penis in exchange for money. Based on the date of birth on Pi.R.'s Cambodian birth certificate, Pi.R. was 11 years old when she touched Cline's penis.

19

RC

All four minors interviewed identified Cline in a photographic lineup as the person who sexually assaulted them in exchange for money. In May 2019, Cline was interviewed by Cambodian National Police (CNP). He confirmed he arrived in Siem Reap in February 2019 and stayed for approximately three weeks, before traveling to other parts of Cambodia and Vietnam. He confirmed returning May 7, 2019, to Siem Reap, Cambodia. Cline denied any sexual activity with minors.

CNP officers searched Cline's hotel room and recovered a Samsung Galaxy S-9 (IMEI 352411090921308), a Toshiba hard drive associated with a laptop bearing serial number Y7QEWVRCT19FHDKEB98H8A01, a USB flash drive, and the internal storage medium of a Ricoh digital camera.

The FBI forensically examined the above listed devices. Located on the USB flash drive were flight and hotel bookings consistent with the travel outlined above. The camera contained photographs consistent with sightseeing. The laptop contained Google Map locations, relating to locations in Cambodia and Mexico. Additionally, the laptop contained photographs and videos of child pornography.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other

20



promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __26__ day of __July__, 2024.

ROGER B. HANDBERG
United States Attorney

Rugh James Cline
Defendant

Courtney H. Derry
Assistant United States Attorney

Andrew Searle, Esq.
Attorney for Defendant

Gwendelynn E. Bills
Trial Attorney

Fritz Scheller, Esq.
Attorney for Defendant

Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

21