# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## HONORABLE CHARLENE EDWARDS HONEYWELL

## CLERK'S MINUTES

| | |
|---|---|
| **CASE NO.:** 8:21-cr-81-CEH-LSG | **DATE:** March 6, 2025 |
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**RUGH JAMES CLINE** | **GOVERNMENT'S COUNSEL:**<br>Ilyssa Spergel, AUSA, and<br>Courtney Derry, DOJ-USAO, with<br>FBI Special Agent Michelle Gonzalez<br><br>**DEFENDANT'S COUNSEL:**<br>Fritz J. Scheller and<br>Andrew C. Searle, Retained |
| **COURTROOM:** 13A | **INTERPRETER:** N/A |
| **TIME:** 11:07 A.M. –12:42 P.M. and<br>12:49 P.M. – 1:33 P.M. | **TOTAL:** 2 Hours, 19 Minutes |
| **COURT REPORTER:** Sharon A. Miller | **PROBATION OFFICER:** Deanna Lorenz |
| **DEPUTY CLERK:** Charmaine A. Black | |

**PROCEEDING: SENTENCING**

Court in session.

All parties are present in the courtroom, and counsel is identified for the record.

Defendant is sworn.

Defendant is adjudicated guilty as to Count One of the Superseding Indictment.

The Court hears arguments from counsel regarding objections to the facts and the guideline calculations.

Defendant's Exhibits 1-13 are admitted into evidence and will be filed under seal.

As stated on the record, the SOR will include that Defendant disputes the allegations contained in Paragraph 84 of the PSR - adjustment to incarceration.

Defendant's objection to the inclusion of the pseudo counts for purposes of the guidelines is **SUSTAINED**.

Paragraph 32 of the PSR will be corrected.

Defendant's objection to Paragraphs 81 and 82 is withdrawn.

Government's Exhibits A and B are admitted into evidence and will be filed under seal.

Restitution to be determined.

A restitution hearing is scheduled for May 21, 2025, at 11:00 a.m. If the matter is resolved, counsel shall notify the Deputy Clerk, and the hearing will be canceled.

Defendant makes allocution to the Court.

Break in the proceedings.

~ Break ~

The proceedings resume.

The Court hears arguments from counsel.

Defendant requests a downward variance.

As stated on the record, Defendant's motion for a downward variance is **DENIED**.

The joint request for a downward departure pursuant to USSG §5K2.23 is **GRANTED**. The Court departs downward one (1) level.

Any supplemental briefings on the 5K2.23 issue shall be made within 14 days from today.

For the reasons articulated on the record, the Court sentences Defendant as follows:

> Imprisonment: 108 Months.
>
> Supervised Release: 15 Years [180 Months].
>
> Mandatory and standard conditions apply.
>
> Additional conditions of supervised release:

1. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. Defendant shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes.

    Defendant shall follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third-party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3. Defendant shall register with the state sexual offender registration agency(s) in any state where Defendant resides, visits, are employed, carry on a vocation, or are a student, as directed by the Probation Officer.

4. The Probation Officer shall provide state officials with all information required under Florida's sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the Defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the Probation Officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

6. Defendant is prohibited from possessing, subscribing to, or viewing, any images, videos, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

7. Without prior written approval of the Probation Officer, Defendant is prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, Defendant's place of employment, or an educational facility. Also, Defendant is prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, Defendant must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including Defendant's employer, Defendant must inform the third party of this restriction, including the computer inspection provision.

8. Defendant shall have no contact, direct or indirect, with victims identified in the Superseding Indictment: P.V., Pi.R., N.T., and Ph.R, or victims in the "J_blonde (Solomon)" and "Vicky (Lily)" series.

9. Defendant shall submit to a search of his person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the

United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

10. Having been convicted of a qualifying felony, Defendant must cooperate in the collection of DNA as directed by the Probation Officer.

11. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the Probation Officer. Defendant must submit to random drug testing not to exceed 104 tests per year.

12. Restitution is deferred.

13. The Court finds the Defendant is indigent and the special assessment, pursuant to 18 U.S.C. § 3014, is not imposed.

AVAA Assessment: Not imposed.

Fine: Waived.

The Order of Forfeiture (Doc. 154) will be referenced in the Judgment.

Special Assessment: $100.00. This obligation is to be paid immediately.

In accordance with the plea agreement, and on motion of the United States, Counts Two through Nine of the Superseding Indictment and the underlying Indictment are dismissed.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be incarcerated at the closest correctional facility with the appropriate security level to Butner Federal Correctional Institution in North Carolina.

- Defendant be allowed to participate in any available educational and vocational programs.

Defendant is advised of the right to appeal and of the right to counsel on appeal.

**GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING:**
*As adjusted.*

| | |
|---|---|
| Total Offense Level | 30 |
| Criminal History Category | I |
| Imprisonment Range | 97 months - 121 months |
| Supervised Release Range | 5 years - Life |
| Restitution | Deferred |
| Fine Range | $30,000 - $250,000 |
| Special Assessment | $100 |
| JVTA Assessment | Not Recommended |
| AVAA Assessment | N/A |

Court adjourned.